IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| MATTHEW RYAN BERTAGNOLLI,<br>Petitioner,<br>vs.<br>LIVINGSTON POLICE DEPARTMENT,<br>Respondent. | CV 26-83-BU-SPW<br><br>ORDER |

Matthew Ryan Bertagnolli ("Bertagnolli") has filed a Petition for a Writ of Mandamus. (Doc. 1.) Bertagnolli asks this Court to compel the Livingston Police Department and Chief of Police, Wayne Hard, to provide him with "all information, evidence, witness statements, police reports, and everything the police department collected and turned over as evidence" to the Park County Attorney in conjunction with his criminal case, *State v. Bertagnolli*, Cause No. DC 2024-53. (*Id.* at 1.) Bertagnolli is a state prisoner proceeding pro se; he is presently incarcerated at the Montana State Prison.

Bertagnolli explains that he made a request for the items sought but was advised by Chief Hard that he would need to make his request for information to the Park County Attorney's Office. (*Id.*) Bertagnolli believes the Park County Attorney is hiding exculpatory information and has committed discovery violations. (*Id.* at 2.) He asks this Court for an order directing that the requested

information be turned over. (*Id.*) As explained herein, the petition will be dismissed.

The court must screen any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id.* at 1915A(b)(1),(2). Because the Court is without jurisdiction to hear Bertagnolli's request, the matter will be dismissed.

Bertagnolli cites no federal law in support of his request. *See generally*, (Doc. 1.) To the extent that he relies upon the federal mandamus statute, the All Writs Act, as the source of this Court's authority to do what he asks, that statute applies only to *federal* officers and employees, not *state* officers and employees. *See* 28 U.S.C. § 1361 ("The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff.") A petition for a writ of mandamus "to compel a state court or official to take or refrain from some action is frivolous as a matter of law." *Demos v. U.S. District Court*, 925 F.2d 1160, 1161-62 (9th Cir. 1991); *Givens v. Los Angeles Cnty. Superior Ct.*, 163 F. App'x 514, 515 (9th Cir. 2006). In addition, the All Writs Act "does not operate

to confer jurisdiction and may only be invoked in aid of jurisdiction which already exists." *Malone v. Calderon,* 165 F.3d 1234, 1237 (9th Cir.1999). The petition is frivolous and this Court is without jurisdiction to hear the petition or to order the Livingston Police Department to act in the manner suggested by Bertagnolli.

Accordingly, IT IS HEREBY ORDERED that Bertagnolli's petition is DISMISSED. The Clerk of Court is directed to close this matter and enter judgment.

DATED this 25th day of August, 2026.

Susan P. Watters
Susan P. Watters
United States District Court